# IN THE COURT OF APPEALS OF IOWA

No. 22-0105
Filed August 3, 2022

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MONIQUE JONES-BAKER,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea,

Judge.

A defendant appeals the sentence imposed on her criminal conviction.

**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**BADDING, Judge.**

Monique Jones-Baker gave an old address when filling out a form to buy a pistol. She was charged with violating Iowa Code section 724.21 (2020), which prohibits a person from knowingly giving "false material information to one from whom the person seeks to acquire a pistol or revolver." In her written guilty plea to that charge, Jones-Baker admitted the following:

> I went to Davenport Guns to purchase a pistol. While I was there, I presented my driver's license that had an old address on it. When filling out the paperwork for the pistol, I deliberately provided my old address, knowing that I had moved, so that the address would match the address on my driver's license.

Citing the "immense problem with guns not only in this country but specifically in Davenport," the district court rejected Jones-Baker's request for a deferred judgment and instead imposed a five-year suspended sentence with probation. Jones-Baker appeals,[1] claiming that in rejecting her request for a deferred judgment, the court "utilized improper factors and unproven, unprosecuted facts." When a sentencing decision falls within statutory limits, as this one does, it "is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *Id.*

At the sentencing hearing, the State recommended a suspended sentence with probation, which followed the plea agreement and the recommendation in the presentence investigation report. Jones-Baker advocated for a deferred judgment,

---

[1] The parties agree Jones-Baker has "good cause" to appeal because she is challenging the discretionary sentence imposed rather than her guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

highlighting her age, lack of criminal history, and the effect a felony conviction would have on her employment as a pharmacy technician. She told the court that she was "deeply sorry for what happened" and explained that, had she "thought it through more thoroughly at that time, [she] would have done it differently."

The court accepted her apology and noted she was "an excellent candidate for a deferred judgment." But then the court said:

> *The problem is this involves guns, and we have an immense problem with guns not only in this country but specifically in Davenport.* When people purchase guns and use false information and then if those guns get used in a different situation or things like that, that causes a lot of problems. Okay? It's a really important right to be able to purchase, own, and possess guns, but that's also something that comes with a lot of responsibility. That's what I'm concerned about here. Okay? *Is that we need folks to be honest when they are buying guns so that we don't have people buying guns for other people or things like that.*
> I don't know what was going on here. All I know is that you've admitted to falsely providing information when you purchased the guns.[2] But that's concerning to me. Okay? Because, honestly, in my mind, it's like, "Well, why was there false information provided there? What happened?"

(Emphasis added.)

Jones-Baker takes issue with these italicized sentences, arguing as to the first that there is no "connection between her and gun issues in Davenport or across the country," and "it should not have been considered at all in deciding her sentence." The State responds that the court's consideration of gun issues was in the interest of general deterrence—a proper sentencing factor. We agree.

---

[2] Jones-Baker makes no claim that the court was impermissibly considering a second count that had been dismissed as part of her plea agreement with the State when it stated "guns" rather than "gun."

"The court's consideration of deterrence falls within its mandate to impose a sentence that 'protect[s] . . . the community from further offenses by the defendant and others.'" *State v. Cosby*, No. 19-1056, 2020 WL 2988542, at *2 (Iowa Ct. App. June 3, 2020) (alterations in original) (quoting Iowa Code § 901.5). "That emphasis on deterrence is a 'legitimate penological justification.'" *Id.* (quoting *State v. Oliver*, 812 N.W.2d 636, 646 (Iowa 2012)).

To that end, we have found no abuse of discretion when the sentencing court has considered the effect of a sentence not just on the individual defendant, but on the community at large. *See, e.g.*, *id.* (rejecting a claim that the district court abused its discretion by stating it wanted to send a message to the defendant and "everybody else out there who might be tempted to drink and drive"); *State v. Mohlis*, No. 19-0965, 2020 WL 1310356, at *1–2 (Iowa Ct. App. Mar. 18, 2020) (affirming sentence where the district court noted a trend in embezzlement cases and said, "if I would grant you a fully suspended sentence, your sentence will serve as no deterrent to anyone else"); *State v. Horst*, No. 17-1171, 2018 WL 542638, at *2–3 (Iowa Ct. App. Jan. 24, 2018) (finding no abuse of discretion in the sentencing court's consideration of the "problem in this country" with "texting while driving"); *State v. Horak*, No. 16-1697, 2017 WL 4324791, at *2 (Iowa Ct. App. Sept. 27, 2017) ("The court's statement it was imposing consecutive sentences because doing otherwise 'sends the wrong message to you and the wrong message in general' was not an improper factor."); *State v. Anderson*, No. 15-1180, 2016 WL 5407954, at *13–14 (Iowa Ct. App. Sept. 28, 2016) (finding no improper factor was used when the court stated "everyone is well aware of the gun violence problem that we have here").

Consistent with these cases, we find the court's consideration of the "immense problem with guns" in the community was not an improper sentencing factor. In reflecting on the effect of Jones-Baker's crime on the community, the court was simply doing its duty to select the sentencing option that would provide "for the maximum protection of the community from further offenses by the defendant *and others*." *See* Iowa Code § 901.5 (emphasis added).

Jones-Baker next argues that the district court considered "unproven facts" when it stated, "[W]e need folks to be honest when they are buying guns so that we don't have people buying guns for other people or things like that." She says this "insinuates that the court decided that Jones-Baker used false information to acquire a gun f[or] someone not licensed to have a weapon."

Had the court stopped there, Jones-Baker may have a stronger argument. *See Formaro*, 638 N.W.2d at 725 ("[A] sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses."). But after the court made that statement, Jones-Baker explained to the court that she "recently moved, and due to COVID, [she] had an appointment to update [her] address," but she apparently bought the pistol before that appointment. She stated that she "just gave them [her] ID," and she "[n]ever thought anything else of it." The court responded:

> I understand. I think what it boils down to, ma'am, and, believe me, I don't do this lightly, is that I think it is a significant right and a significant responsibility to have guns. And if we are not doing that appropriately, there needs to be some accountability. And, honestly, in my opinion, the accountability here is being prohibited from being able to possess a firearm. If I give you a deferred

> judgment, you can still buy a firearm, and that's concerning to me.
> So that's why I'm going to deny your request for a deferred.

Jones-Baker ignores this exchange on appeal, which debunks the implication she tries to draw—"that the court decided that Jones-Baker used false information to acquire a gun [for] someone not licensed to have a weapon." Because that implication is not supported by the record, we find no abuse of discretion and affirm Jones-Baker's sentence. *See id.* ("We will not draw an inference of improper sentencing considerations which are not apparent from the record.").

**AFFIRMED.**